**FAYGO BEVERAGES, INC., a Michigan Corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 7–70175.**

United States District Court, E. D. Michigan, S. D.

April 28, 1978.

Robert Alpern, Birmingham, Mich., for plaintiff.

Robert G. Nath, Trial Atty. Tax Div., Dept. of Justice, Washington, D. C., Michele C. Mayes, Asst. U. S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This lawsuit involves a claim for refund by plaintiff, Faygo Beverages, Inc. ["Faygo"], of certain federal diesel fuel excise taxes. The government has filed a counterclaim seeking a judgment for additional assessments of federal diesel fuel excise taxes against plaintiff that remain unpaid. The case is before the court on cross motions for summary judgment. The parties have filed a stipulated record which includes a representative sample of copies of documents that were involved in the sales of diesel fuel which gave rise to the imposition of the diesel fuel excise tax at issue in this case.

Plaintiff's claim is that the federal diesel fuel excise tax imposed by 26 U.S.C. § 4041(a) should not have been imposed on Faygo, but rather on sellers of diesel fuel to Faygo for use in Faygo's trucks. Faygo claims that the tax was imposed on it pursuant to a Treasury Regulation, 26 C.F.R. 48.4041–4, which, it asserts, is invalid as exceeding the permissible scope of the Secretary of the Treasury's authority to promulgate tax regulations. Plaintiff further argues that if the regulation is found by the court to be valid, Faygo has satisfactorily complied with the requirements of the regulation so that the incidence of the excise tax should fall on its suppliers rather than on itself.

Title 26, United States Code, § 4041(a), provides in relevant part:

"(a) Diesel fuel. There is hereby imposed a tax of 4 cents a gallon upon any liquid (other than any product taxable under section 4081)—

(1) sold by any person to an owner, lessee, or other operator of a diesel-powered highway vehicle, for use as a fuel in such vehicle; or

(2) used by any person as a fuel in a diesel-powered highway vehicle unless there was a taxable sale of such liquid under paragraph (1)."

The Secretary of the Treasury has promulgated a regulation that sets a procedure for the determination of when there has been a taxable sale for the purposes of § 4041(a)(1) and (2). Section 48.4041–4(a) of Title 26 C.F.R. provides:

"(a) *Taxability of liquid delivered into purchaser's tanks.* The sale of diesel fuel to an owner, lessee, or other operator of a diesel-powered highway vehicle, or of special motor fuel to an owner, lessee, or other operator of a motor vehicle, motorboat or airplane shall be considered a taxable sale of such liquid (1) if the liquid is delivered by the seller into the fuel supply tank of the vehicle, motorboat, or airplane, or (2) where not so delivered, the purchaser indicates in writing to the seller prior to or at the time of the sale that the entire quantity of the liquid covered by the sale is for use by him for a taxable purpose as a fuel in such a vehicle, motorboat, or airplane. If such a written statement is not furnished by the purchaser, he shall be liable for the tax at the applicable rate on that quantity of the liquid which is used by him as fuel in such a vehicle, motorboat, or airplane (see § 48.4041–5), or which is sold by him in a taxable transaction."

In this case, there is no dispute that the purchases of diesel fuel by Faygo which have given rise to the excise taxes here in issue were, in fact, made by Faygo for use of the fuels in Faygo's diesel-powered highway vehicles. The government contends, however, that Faygo did not give the sellers the written notice of such intended use as required by the regulation and that, therefore, the tax falls on Faygo under 26 C.F.R. § 48.4041–4(a)(2), rather than on Faygo's suppliers.

The statute distinguishes between sale and use. It makes the sale taxable to the seller when the product is sold by the seller for use as a fuel in a highway vehicle. It makes the use of the fuel taxable to the

user in all cases in which the fuel was not sold by the seller for use as a fuel in a highway vehicle. In other words, it appears to be the intention of Congress to make certain that a tax was recovered on all diesel fuel used in highway vehicles and that the burden of payment would be determined by an examination of whether, in acquiring the fuel, the user acquired it by means of a taxable sale.

Faygo was not a seller of diesel fuel. Therefore, the statutory basis for the government's claim that plaintiff is liable for the excise tax would have to be under 26 U.S.C. § 4041(a)(2) on the argument that there had been no taxable sale of the diesel fuel to Faygo under part (a)(1) of § 4041 of Title 26, United States Code.

To determine whether a taxable sale had taken place under paragraph (1), it is essential to determine whether there was a sale "by a person to an owner, lessee, or other operator of a diesel-powered highway vehicle, for use as a fuel in such vehicle."

Section 48.4041–4 of Title 26 C.F.R. is an attempt to clarify and make definite when there has been a sale of diesel fuel for use as a fuel in a diesel-powered highway vehicle, which would give rise to a taxable sale. It is clear to the court that in drafting this regulation, the Secretary of the Treasury recognized that at the time of the sale of diesel fuel, the intended usage of such fuel may be unclear and the decision as to the taxability under the federal excise tax may be difficult. Therefore, the regulation spells out specifically what must exist in order for there to be a taxable sale of diesel fuel. The regulation provides that there are two sales situations which will result in a taxable sale: (1) where the sale is made by delivery of the fuel directly into the tanks of the vehicle and (2) where the purchaser indicates in writing to the seller prior to, or at the time of the sale that the entire quantity of the diesel fuel sold is for use by the buyer as a fuel in a diesel-powered highway vehicle. It is clear that in the first of these there can be no question about the taxability of the sale. The regulation spells out facts that fall squarely within the statute. In sales situation number (2), the statutory ambiguity of the taxability of the sale would be resolved by simply requiring the buyer to give the seller a written statement that the fuel would be used to power highway vehicles if it was the intention that the initial economic burden of paying the tax was to fall on the seller.

The regulation goes on to provide that if either of these two sales situations are not present, then the purchaser is liable for the excise tax on any amount of the diesel fuel used to power its diesel-powered highway vehicles. This is no more than saying that if (1) or (2) are not met, there is no taxable sale and the *user* must pay the excise tax.

■ The plaintiff has argued that this regulation which imposes a requirement of *written notice* where there is a sale not directly into the purchaser's vehicles' fuel tanks exceeds the Secretary of the Treasury's authority. Faygo argues that in the instant case, it was clear to both the buyer and the sellers that the sales were for fuel for highway vehicles and that, therefore, these sales were taxable sales under 26 U.S.C. § 4041(a)(1). Therefore, the tax should fall on the sellers.

The court must, therefore, determine the validity of the regulation. Section 7805(a) of Title 26 of the United States Code gives the Secretary of the Treasury authority to promulgate Treasury Regulations. That section provides:

"(a) *Authorization.*—Except where such authority is expressly given by this title to any person other than an officer or employee of the Treasury Department, the Secretary or his delegate shall prescribe all needful rules and regulations for the enforcement of this title, including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue."

The Supreme Court has set a clear standard for courts to use in judging the validity of a Treasury Regulation. In *Commissioner v. South Texas Lumber Co.,* 333 U.S. 496, 68 S.Ct. 695, 92 L.Ed. 831 (1948), the Court wrote at 501, 68 S.Ct. at 698:

"This Court has many times declared that Treasury Regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes . . ."

This regulation evinces an attempt by the Secretary to set some clear and workable guidelines in the collection of the diesel fuel excise tax. The requirement of written notice is one which serves to limit the number of situations in which there would be difficult factual disputes to resolve as to what the seller of diesel fuel knew at the time of sale. It imposes no unreasonable or burdensome requirement on a buyer. This regulation, the court finds, is not unreasonable nor is it plainly inconsistent with the revenue statutes. The fact that in the instant case both the seller and the buyer may have known the purpose for which the fuel was being sold does not affect the reasonableness of the general determination of the Secretary of the Treasury that a requirement of written notice would ease and expedite the collection of the diesel fuel excise tax. Therefore, the court finds that the regulation in issue in this case is valid and applies to the sales involved in this case.·

■ Plaintiff has urged as an intermediate position that even if it is reasonable for the Secretary to require by way of regulation that the buyer give the seller notice of the use to which the fuel would be put in order to avoid the tax falling on the buyer, the specific requirement in the regulation of *written* notice is unreasonable. The court has found that the regulation is valid and reasonable. That being the case, there is no basis for arguing that another formulation of the regulation would have been better policy or more reasonable. The fact that this court might, if it had the responsibility for drafting treasury regulations, have drafted the regulation differently, in accordance with the suggestions urged by the plaintiff, does not provide a basis for this court to refuse to recognize and enforce the validity of a treasury regulation which is not in conflict with the statute and which is not unreasonable. Therefore, plaintiff's argument that less than written notice should suffice is not well taken.

■ In light of the above, if Faygo has given written notice as required by the regulation, then there would have been a taxable sale and Faygo would not be liable for the tax. However, as to any sales in which Faygo did not give the required written notice, Faygo would be liable for the excise tax as a user of fuel for which there had been no taxable sale.

■ Faygo has argued that it has complied with the requirement of a written notification. The court was presented with a stipulated set of documents which, as pointed out above, is merely a representative sample of the documents that cover the diesel fuel sales in this case. These documents contain purchase orders by Faygo, invoices from the fuel suppliers, and other miscellaneous documents. The court cannot, on the basis of the incomplete documentation before it, finally decide whether Faygo complied with the requirements of the regulation in these sales. The court has examined these documents and has found that on at least some of the purchase orders there is a notation next to the quantity of fuel ordered that this is for use in trucks. This is noted by the word "(tractor)" next to the quantity figure. The court is of the opinion that this and words of similar import would constitute sufficient written notice in compliance with the regulation. It further appears to the court that any notification appearing on *invoices*, which are provided by the *seller to the buyer after the sale* would not meet the requirements of the regulations. The court hopes that in light of these guidelines the parties can cooperate in reviewing the full documentation involved in these sales and reach an agreement as to the amount of Faygo's tax liability. If the parties are unable to agree, the court will have to make a determination upon the presentation to it of a complete factual record either by way of a future motion for summary judgment or by trial.

So ordered.